FILED

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JENNIFER SALAZAR,

Defendant-Appellant.

No.    24-993

DC No. 3:23-cr-00741-TWR-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted March 27, 2025
Pasadena, California

Before:    TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Jennifer Salazar appeals the sentence imposed following her conviction by

jury on one count of conspiracy to import fentanyl and one count of importation of

fentanyl, in violation of 21 U.S.C. §§ 952, 960, and 963.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The district court did not commit plain error in declining to apply a downward adjustment for minor role in the offense under U.S. Sentencing Guidelines Manual § 3B1.2. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) (applying plain error review where the defendant did not object to alleged guidelines errors at trial or sentencing).

The text messages Salazar cites on appeal are not sufficient to meet her "burden of proving that [she] is entitled to a downward adjustment based on [her] role in the offense.'" *United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018) (quoting *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006)). Instead, they show that she was actively involved in both planning and making the deliveries of the drugs. Accordingly, because the evidence Salazar relies on does not establish her entitlement to the minor role adjustment, she has failed to establish plain error by showing that her substantial rights were affected. *Depue*, 912 F.3d at 1235.

**2.** The district court did not commit procedural error in conducting the downward variance analysis. Contrary to Salazar's contention, the district court followed the procedure set forth in *Gall v. United States*, 552 U.S. 38 (2007), by "correctly calculating the applicable Guidelines range," then "giving both parties an opportunity to argue for whatever sentence they deem appropriate," and finally

"consider[ing] all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party," by making "an individualized assessment based on the facts presented." *Id.* at 49–50.

We also reject Salazar's argument that the district court committed error pursuant to *United States v. Lee*, 725 F.3d 1159 (9th Cir. 2013). Unlike the district court in *Lee*, the court here did not "manipulate the calculations under the Sentencing Guidelines in order to produce a Guidelines range that will allow it to impose the sentence it prefers." *Id.* at 1164. Instead, the district court calculated the proper guidelines sentence "and then [chose] a sentence outside that range by granting a variance." *Id.* at 1165.

**3.** Salazar's sentence is not substantively unreasonable. The district court acknowledged the equities of Salazar's situation in imposing a downward variance, and did not abuse its discretion in relying on her photos to find that she knew she was transporting fentanyl. Nor did the district court abuse its discretion in taking into consideration Salazar's decisions to go to trial and to testify falsely. *See United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc) (explaining that the substantive reasonableness of a sentence is reviewed for an abuse of discretion, which means the sentencing decision is entitled to "significant deference" because the sentencing judge "sees and hears the evidence, makes

3

credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record," and "has access to, and greater familiarity with, the individual case and the individual defendant before him than . . . the appeals court" (quoting *Gall*, 552 U.S. at 51–52)).  Salazar has not established that the district court made an error of law, rested "its decision on clearly erroneous findings of fact," or that "the district court committed a clear error of judgment" in imposing sentence.  *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc)).

**AFFIRMED.**